UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS C. HEBRARD                                     CIVIL ACTION

VERSUS                                                  NO. 15-6268

LA. STATE DEPT. OF                                      SECTION: "N"(3)
CORRECTIONS, ET AL.

REPORT AND RECOMMENDATION

Nicholas C. Hebrard, a state prisoner, filed this *pro se* federal civil rights action pursuant to 42 U.S.C. § 1983.[1]  He named as defendants the Louisiana Department of Public Safety and Corrections, the "Legal Program Department" of the B.B. "Sixty" Rayburn Correctional Center ("Rayburn"), the "Mail Room Staff," Mike Todd, Erestine Smith, and Carol Jordan.  In his lawsuit, he alleges that he has been the victim of mail tampering while at Rayburn.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on December 15, 2015.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

Based on the allegations of plaintiff's complaint and his Spears hearing testimony, the undersigned finds that plaintiff is making the following allegations in this lawsuit. On August 29, 2015, Lt. Dillion brought plaintiff a piece of mail from a state court. On receiving the mail, plaintiff noticed that the envelope had a piece of tape on it and that it felt as though the envelope was empty. When plaintiff opened the mail in Dillion's presence, it was in fact empty. Plaintiff speculates that an unknown person in the prison mail room or the legal program department opened the envelope and removed the document inside.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

As an initial matter, the Court notes several of the defendants are improper. For example, plaintiff has sued Rayburn's "Legal Program Department." However, it is clear that "a 'department' within a prison facility is not a 'person' under § 1983." Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009); accord Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005).

Plaintiff has also sued the "Mail Room Staff." However, that is improper because the "Staff" likewise is not a separate and distinct juridical entity capable of being sued – rather, a plaintiff must properly identify the individual staff members who allegedly violated his rights. See Elsensohn v. Jefferson Parish Correctional Center, Civ. Action No. 09-2759, 2009 WL 5088744, at *3 (E.D. La. Dec. 23, 2009); Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

Plaintiff has also improperly named the Louisiana Department of Public Safety and Corrections as a defendant. State agencies simply are not "persons" subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *2 (E.D. La. July 16, 2010), adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3 (E.D. La. Dec. 4, 2009).

Additionally, the Louisiana Department of Public Safety and Corrections is also an improper defendant for another reason. Pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI. The United States Fifth Circuit Court of Appeals has explained:

> When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999); Gabriel, 2010 WL 3169840, at *2-3; McGuire, 2009 WL 4891914, at *3-4.

5

The remaining defendants, Mike Todd, Erestine Smith, and Carol Jordan, could obviously be proper defendants in some circumstances. However, for the following reasons, plaintiff's allegations are insufficient to state a cognizable claim against them in this lawsuit.

At the Spears hearing, plaintiff did not allege that Todd, Smith, or Jordan were personally involved in the purported removal of the document from the envelope – on the contrary, plaintiff does not know who took that action. Further, although Todd, Smith, and Jordan are apparently supervisory officers in the prison's legal program department, it is clear that a supervisory official may not be held liable pursuant to § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability.").

In any event, regardless of the defendant named or the capacity in which that defendant is sued, plaintiff's claim fails for an additional and much more basic reason: the claim is based on nothing more than pure speculation.

Specifically, although plaintiff suspects that some unknown person opened his mail, he has no evidence of that fact. Further, *even if* he could somehow prove that the envelope was opened outside of his presence, that fact alone does not rise to the level of a constitutional violation. The United States Fifth Circuit Court of Appeals has expressly held that an inmate's constitutional rights are not violated by the mere fact that his legal mail is opened outside of his presence and without his consent. Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1999); see also Davis v. Baker, 251 Fed. App'x 899 (5th Cir. 2007); Sanders v. Carnley, 100 Fed. App'x 236, 237 (5th Cir.

6

2004); Jones v. Mail Room Staff, 74 Fed. App'x 418, 419 (5th Cir. 2003). This is true even if the prison had a policy that such mail is to be opened only in the inmate's presence, because "a prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation." Samford v. Dretke, 562 F.3d 674, 681 (5th Cir. 2009).

Further, and more importantly, he likewise has no evidence whatsoever that anyone removed a document from the envelope. Obviously, there are other possible explanations, such as the sender could have inadvertently failed to enclose the document and mailed an empty envelope. Where, as here, a plaintiff's claim is based on pure speculation unsupported by any evidence, the claim fails. See, e.g., Jones v. Ford, Civ. Action No. 2:08cv176, 2009 WL 2032398, at *4 (S.D. Miss. July 9, 2009); Crocker v. Sweetin, Civ. Action No. 9:08cv233, 2009 WL 903278, at *4-5 (E.D. Tex. Mar. 31, 2009). Simply put, plaintiff's factual allegations in this case do not, as required, "raise a right to relief above the speculative level." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (a plaintiff's allegations are insufficient to state a claim when they are based on nothing more than "a sheer possibility that a defendant has acted unlawfully").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this eighth day of January, 2016.

                                      **DANIEL E. KNOWLES, III**
                                      **UNITED STATES MAGISTRATE JUDGE**